# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BARBARA J. SHULER**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**HP RESOURCES, INC., et al.**<br><br>　　　　　Defendants. | CASE NO. 1:13cv1659<br><br>JUDGE  SARA LIOI<br><br>**PLAINTIFF'S MOTION FOR JURY TRIAL PURSUANT TO RULE 39(B), OR ALTERNATIVELY, MOTION FOR LEAVE TO AMEND HER FIRST AMENDED COMPLAINT TO INCLUDE JURY DEMAND** |

Now comes Plaintiff Barbara Shuler ("Plaintiff" or "Shuler"), by and through her attorneys of record, pursuant to Rule 39(b), Federal Rules of Civil Procedure, and hereby requests this Honorable Court order a trial by jury, or alternatively grant leave to amend Plaintiff's First Amended Complaint to include a jury demand. Shuler, after demanding a jury trial in her original Complaint, omitted a jury demand from her First Amended Complaint. Restoring this demand results in no prejudice to Defendants. To protect Shuler's constitutional Seventh Amendment right to a trial by jury, and to best resolve the issues at hand, Plaintiff respectfully requests that the Court grant her motion to have a jury trial.

Counsel for Defendants were contacted in advance of this motion as to whether they would agree with Plaintiff's request, and they indicated that they would likely oppose this motion.

I.   **RELEVANT PROCEDURAL HISTORY**

On June 12, 2013, Shuler filed her original Complaint, which included a jury demand, in the Court of Common Pleas for Cuyahoga County, Ohio, alleging claims of retaliation in violation of Title VII of the Civil Rights Act of 1964 and R.C. §§ 4112.02(I) and 4112.99 against Defendant HP Resources Inc., d/b/a Horizon Personnel Resources ("Horizon"), along with a claim of aiding and abetting unlawful discrimination in violation of R.C. §§ 4112.02(J) and 4112.99 against Defendant Swagelok ("Swagelok"). On July 25, 2013, Swagelok filed a Motion to Dismiss, pursuant to Ohio Civ.R. 12(B)(6). In response, Shuler filed her First Amended Complaint on July 30, 2013. The First Amended Complaint clarified Shuler's existing allegation against Defendants, including by asserting that both Defendants were "persons" under R.C. Chapter 4112 for purposes of claims brought pursuant to R.C. §§ 4112.02(I) and (J) (as enforced through R.C. § 4112.99). In amending her complaint, Shuler omitted the jury demand included in the original complaint.[1]

On July 31, 2013, Defendant Horizon removed the matter to the United States District Court for the Northern District of Ohio, Eastern Division. Defendant Swagelok filed its Answer to the First Amended Complaint on August 8, 2013, and Defendant HP filed its Answer on August 9, 2013. All Parties attended a case management conference before the Court on October

---

[1] The demand for a jury trial included in Shuler's original Complaint is no longer valid. When an amended complaint is filed, the original complaint becomes a nullity and the amended complaint supercedes all prior complaints. *Coy/Superior Team v. BNFL, Inc.*, 2008 U.S. Dist. LEXIS 50041 at *4-7 (E.D. Tenn. June 30, 2008), citing *Drake v. City of Detroit*, 266 Fed. Appx. 444, 448 (6th Cir. 2008). In *Coy*, the plaintiff filed an original and first amended complaint both with a jury demand, and then a second amended complaint with no jury demand. *Id.* at *3. The *Coy* court completed a three-day bench trial, and then, five years after the plaintiff filed the second amended complaint (with no jury demand), it attempted to assert its previously-waived jury demand. *Id.* Here, Shuler filed her First Amended Complaint a little more than two months ago. At this early stage in litigation, her situation warrants a different outcome than that in *Coy*.

2

7, 2013, at which time Shuler's omission of a jury demand in the First Amended Complaint was raised in the scheduling of the case. Shuler now files this motion.

## II. LAW AND ARGUMENT

### A. Rule 39(b) Permits the Court, on Motion, to Order a Jury Trial on any Issue for which a Jury might have been Demanded

The Seventh Amendment of the United States Constitution provides that a right to trial by jury shall be preserved in suits at common law. The Supreme Court has held that by "suits in common law," the framers of the Seventh Amendment meant "not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Curtis v. Loether*, 415 U.S. 189, 193, 94 S. Ct. 1005, 39 L.Ed.2d 260 (1974).

Federal Rule of Civil Procedure 38(a) preserves the "right of trial by jury as declared by the Seventh Amendment to the Constitution." Rule 38(b) requires a serving party to make a written jury demand "no later than 14 days after the last pleading directed to the issue is served." However, in the absence of a jury demand, under Federal Rule of Civil Procedure 39(b), "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). "The court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary." *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1013 (6th Cir. 1987).

### B. The Court is Within its Discretion to Grant a Jury Trial to Resolve Plaintiff's Claims

In determining whether to grant a jury trial pursuant to Rule 39(b), the Sixth Circuit considers five (5) factors articulated in *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)

3

and applied in the Sixth Circuit. *Moody v. Pepsi-Cola Metropolitan Bottling Co., Inc.*, 915 F.2d 201, 207 (6th Cir. 1990); *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986); *Coy/Superior Team v. BNFL, Inc.*, 2008 U.S. Dist. LEXIS 50041 at *4 (E.D. Tenn. June 30, 2008).  The *Parrott* factors are: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.  *Parrott*, 707 F.2d at 1267; *Moody*, 915 F.2d at 207-208 (stating that the court does not disagree with the factors set out in *Parrott*, and noting that *Kitchen*, supra, only discussed the third factor before affirming the district court's decision to grant a jury trial under Fed. R. Civ. P. 39(b)).  Although the Sixth Circuit has placed emphasis on the third factor (see *Kitchen*, supra; see also *Moody,* supra), Shuler satisfies all five *Parrott* factors, and her motion for a jury trial should be granted.

        1.    <u>Shuler's claims of retaliation and aiding and abetting, brought under Title VII of the Civil Rights Act and R.C. 4112, are claims best resolved by a jury</u>

Plaintiffs, like Shuler, pursing claims under R.C. § 4112.99 are entitled to a jury trial. *Taylor v. Nat'l Group of Cos.*, 65 Ohio St. 3d 482, 1992-Ohio-68, 605 N.E.2d 45 (1992). Congress has also provided for jury trials in Title VII cases.  42 U.S.C. §1981a(c); *Brown v. Packaging Corp of Am.*, 338 F.3d 586, 590 (6th Cir. 2003).  Shuler's claims of retaliation and aiding and abetting contain many factual disputes and will require credibility determinations best made by a jury.  Title VII of the Civil Rights Act of 1964 was amended in 1991 to create a right to recover compensatory and punitive damages and to allow any party to demand a trial by jury if such damages were sought. *Landgraf v. Usi Film Prods.*, 511 U.S. 244, 251-253, 114 S. Ct. 1483, 128 L.Ed.2d 299 (1994) citing: 42 U.S.C. §1981a.  Shuler's First Amended Complaint

seeks legal relief in the form of compensatory and punitive damages, making a jury trial appropriate and within the spirit of the 1991 amendments to the Civil Rights Act of 1964. (Doc. No. 1-2 at PageID# 21).

    2.    <u>Granting Shuler's 39(b) Motion for a Jury Trial will not disrupt either the Court's schedule or Defendants' schedules, nor will it prejudice Defendants</u>

The Parties are currently in the early stages of litigation. The Court has provided a deadline of November 15, 2013 to add parties or amend pleadings. (Doc. No. 14 at PageID# 104). The Court's deadline for completing non-expert discovery is not until February 28, 2014 – almost five (5) months from now, and the dispositive motion deadline is set for April 7, 2014. (Doc. No. 14 at PageID# 104-105). At such an early stage in the litigation process, Defendants cannot have invested an extensive amount of time and resource into preparing for trial – jury or otherwise, and will not have to engage in any last-minute changes in strategy. The non-movant's failure to demonstrate prejudice may be sufficient on its own to justify granting a motion for a jury trial. *Riff-El v. Fin., Inc.,* 2012 U.S. Dist. LEXIS 141365 (S.D. Ohio, Oct. 1, 2012), citing *Moody*, 915 F.2d at 207-208. In *Moody*, the court declined to vacate a jury trial granted pursuant to Rule 39 when the case had been pending on the non-jury docket for over a year before the plaintiff requested a jury trial. *Moody* 915 F.2d at 207. Slightly over two months have passed since Shuler's First Amended Complaint was filed on July 30, 2013, and mere days have passed since Shuler became aware of the omission of the jury demand from her First Amended Complaint. Given the current time-span over which Shuler's case is spread, it is unlikely that the Court's granting a jury trial would alter the current schedule or prejudice Defendants in any way.

5

    3.    <u>Shuler's delay in requesting a jury trial is minimal, and her reason for the delay is pardonable</u>

Shuler requested a jury trial in her Original Complaint filed June 12, 2013, and files this motion within days of the October 7, 2013 case management conference where she learned of the omission. It is true that a district court will not abuse its discretion in denying a Rule 39(b) motion if the only justification is "mere inadvertence." *Misco*, 784 F.2d at 205. However, Shuler included a jury demand in her original Complaint. Shuler's situation is distinguishable from *Misco*, where the plaintiff never requested a jury trial in the original complaint and where the district court reasoned that, "due to the complexity of the case, a jury trial would be less efficacious than a bench trial." *Misco*, 784 F.2d at 205. *Misco* involved a complicated claim of wrongfully induced breach of contract, surrounding an exclusive dealership term, while Shuler's claims are aiding/abetting and retaliation – claims routinely heard by juries. Since the *Misco* decision, the Sixth Circuit decided both *Kitchen* and *Moody*, supra, both of which upheld the district court's decision to grant a jury trial.

**C. Alternatively, the Court Should Allow Plaintiff to Amend her Complaint to Include a Jury Demand**

The Federal Rules of Civil Procedure provide that a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to permit the amendment is committed to the discretion of the trial court. See *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971); *Estes v. Ky. Util. Co.*, 636 F.2d 1131, 1133 (6th Cir. 1980). The trial court's discretion is, however, "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted). "In the decision whether to permit an amendment, some of the factors which

may be considered by the trial court are undue 'delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

Shuler timely demanded a jury trial in her original Complaint. It is her First Amended Complaint, which served to clarify previously-plead claims, that does not contain a jury demand. In its discretion, a court may allow a party to amend the complaint to add a jury demand, as the Sixth Circuit allowed in *Kitchen*, supra, 825 F.2d at 1013. In *Kitchen*, the plaintiff's complaint demanded a jury trial only for some issues, and the Court invited the plaintiff to move to amend the complaint to include a jury demand on an additional issue. *Id.* Here, the Court's deadline to amend pleadings is November 15, 2013. (Doc. No. 14 at PageID# 104). Shuler files this motion mere days after learning that the Court and Defendants view the jury demand in her Original Complaint as now waived. This motion is timely filed; the request is made early in the litigation process and amounts to no prejudice to either Defendant.

III. **CONCLUSION**

Granting Shuler's request for a jury trial will in no way delay the case or prejudice Defendants. For the reasons stated herein, Shuler respectfully requests the Court to grant her a jury trial pursuant to Rule 39(b), or alternatively grant her motion to amend her First Amended Complaint to include a jury demand. If the Court opts to allow Plaintiff to amend her complaint, Plaintiff will promptly file an amended version, with the sole change being the insertion of the jury demand (as contained in her original Complaint).

Respectfully submitted,

/s/ Stuart Torch

Stuart Torch (0079667)
stuart.torch@elfvinbsser.com
Bruce B. Elfvin (0015694)
bbe@elfvinbesser.com
Katie Sanz (0089386)
katie.sanz@elfvinbesser.com

ELFVIN & BESSER
4070 Mayfield Road
Cleveland, Ohio 44121-3031
216.382.2500 (voice)
216.381.0250 (facsimile)

Attorneys for Plaintiff Barbara Shuler

## CERTIFICATE OF SERVICE

The foregoing **PLAINTIFF'S MOTION FOR JURY TRIAL PURSUANT TO RULE 39(B), OR ALTERNATIVELY, MOTION FOR LEAVE TO AMEND HER FIRST AMENDED COMPLAINT TO INCLUDE JURY DEMAND** was served on all parties via the court's Electronic Filing System on October 10, 2013.

*s/ Stuart Torch*
One of the attorneys for Plaintiff Barbara Shuler