UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA J. SHULER, | ) | CASE NO. 1:13-cv-1659 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| HP RESOURCES, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter comes before the Court on plaintiff's motion for a jury trial. (Doc. No. 15.) For the reasons stated below, the motion is GRANTED.

I.  PROCEDURAL HISTORY

Plaintiff originally filed this action in the Cuyahoga County Common Pleas Court and included a jury demand in her complaint. (Doc. No. 1-1 at 4.) Plaintiff then filed an amended complaint in state court, this time omitting the jury demand. (Doc. No. 1-2.) Defendants removed the case to this Court. (Doc. No. 1.) Defendant Swagelok Company filed its answer to the amended complaint on August 8, 2013, and defendant HP Resources, Inc. filed its answer to the amended complaint on August 9, 2013. (Doc. Nos. 6, 8.) Neither defendant included a jury demand in its answer, nor did plaintiff serve a jury demand within the time allotted by Rule 38(b)(1) of the Federal Rules of Civil Procedure.[1] Only after a Case Management Conference

---

[1] A party can demand a jury trial by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). It is undisputed that plaintiff failed to do so.

was held on October 7, 2013, did the plaintiff realize that she had neglected to demand a jury. She filed a motion for a jury trial under Federal Rule of Civil Procedure 39(b) on October 10, 2013. (Doc. No. 15.) Defendants oppose the motion. (Doc. Nos. 16, 18.)

## II. LAW AND ANALYSIS

When a jury trial is not properly demanded, "the court may, on motion, order a jury trial on any issue for which a jury trial might have been demanded." Fed. R. Civ. P. 39(b). The parties do not dispute that a jury trial could have been demanded on all issues in this case. They dispute only whether the Court ought to exercise its discretion to order a jury trial when it was not timely demanded. The Sixth Circuit has stated that, though the district court's discretion is "broad," it "should be exercised in favor of granting a jury trial in the absence of strong and compelling reasons to the contrary." *Kitchen v. Chippewa Valley Sch.*, 825 F.2d 1004, 1013 (6th Cir. 1987).

The Sixth Circuit has cited with approval the five factors set forth in *Parrott v. Wilson*, 707 F.2d 1262 (11th Cir. 1983) regarding Rule 39(b) motions. *See Moody v. Pepsi-Cola Metro. Bottling Co., Inc.*, 915 F.2d 201, 207 (6th Cir. 1990). The factors are: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *Parrott*, 707 F.2d at 1267. While the Sixth Circuit has indicated approval of all five factors, it has also noted that, sometimes, it is necessary to discuss only one factor. *Moody*, 915 F.2d at 207 (citing *Kitchen*, 825 F.2d at 1013).

Here, the Court must discuss two factors: prejudice to the adverse party and the reason for tardiness in requesting a jury trial. Plaintiff argues that the motion should be granted

because no prejudice will result to the adverse party, given the early stage of the litigation. (Doc. No. 15 at 128.) Defendants offer these generic counter-arguments: (1) "Defendants will suffer prejudice if forced to switch to a jury trial after strategizing for the past two months with the intention of a bench trial" (Doc. No. 16 at 139); and (2) "granting the Motion would result in prejudice to Defendants as they have anticipated, prepared and proceeded with litigating for the past two months with the understanding that the matter would be tried to the bench." (Doc. No. 18 at 152.) For their part, defendants argue that the motion should be denied because plaintiff's tardiness in requesting a jury trial was caused by mere inadvertence. (Doc. No. 16 at 138.) Plaintiff does not—and cannot—deny inadvertence and freely admits that she omitted the jury demand from her amended complaint.[2] (Doc. No. 15 at 125.)

The question, in essence, is whether plaintiff's inadvertence or the lack of prejudice to defendants ought to predominate. The Court finds that this case presents circumstances similar to *Kitchen*: defendants have made only the most "conclusory claims of prejudice," and this, coupled with the "Seventh Amendment right to a jury trial," counsels in favor of granting the motion. *Kitchen*, 825 F.2d at 1013; *see also Pro2Serve Prof'l Project Serv., Inc. v. BWXT Y-12, LLC*, No. 3:07-CV-336, 2009 WL 1636256, at *7 (E.D. Tenn. June 11, 2009) (motion for jury trial made 11 months before scheduled trial granted because defendant will have "sufficient opportunity to adjust its preparations"); *Thompson v. Fritsch*, 172 F.R.D. 269, 270 (E.D. Mich. 1997) (defendant's "conclusory proclamations of prejudice" insufficient, despite plaintiff's mere inadvertence, to deny 39(b) motion for jury trial). This case is set for trial several

---

[2] Plaintiff mentions several times that she included a jury demand in her original complaint in state court. (*See* Doc. No. 15 at 129.) The Court wishes to be quite clear that plaintiff's first complaint is irrelevant and does not factor into this decision.

months from now, and defendants have ample opportunity to adjust trial preparations without being prejudiced. "[I]n the absence of strong and compelling reasons to the contrary," the Court will follow *Kitchen*'s directive to grant a jury trial. 825 F.2d at 1013.

### III. CONCLUSION

For the reasons set forth above, the plaintiff's motion for jury trial is GRANTED. The Court further amends its Case Management Plan and Trial Order. (Doc. No. 14.) A jury trial is set on a two week standby period beginning 9/15/2014.

**IT IS SO ORDERED**.

Dated: February 12, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**